# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3187

_____

| | | |
|---|---|---|
| James A. Washington, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| First Data Resources, Inc.; | * | |
| Timothy Rosenthal; Theodore | * | [UNPUBLISHED] |
| Henkenius; Ronald Doty; Pamela S. | * | |
| Wallman; Dianne M. Blum, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 29, 2001
Filed: July 9, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

James A. Washington appeals the district court's[1] adverse grant of summary judgment on his claims brought under the Family Medical Leave Act (FMLA), 29

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

U.S.C. §§ 2601-2654, against his former employer, First Data Resources, Inc. (First Data).

After de novo review, we conclude the district court correctly granted judgment to First Data. See 29 C.F.R. §§ 825.214 (2000) (eligible employee is entitled to total of 12 workweeks of leave during any 12-month period when he cannot perform job due to serious health condition), 825.302(d) (2000) (employer may require employee to comply with employer's usual and customary notice and procedural requirements for requesting FMLA-qualifying leave), 825.303 (2000) (where need for FMLA leave is not foreseeable, employee should provide notice to employer as soon as practicable; employer will be expected to obtain any additional required information through informal means, and employee or spokesperson will be expected to provide more information when it can readily be accomplished); Ragsdale v. Wolverine Worldwide, Inc., 218 F.3d 933, 936-40 (8th Cir. 2000) (standard of review; joining Eleventh Circuit in striking down 29 C.F.R. §§ 825.208(c) and 825.700(a) as improperly converting FMLA into statute providing additional 12 weeks of leave unless employer specifically notifies employee prospectively that he is using FMLA leave), petition for cert. filed (U.S. Sept. 5, 2000) (No. 00-6029).

Accordingly, we affirm. See 8th Cir. R 47B. Washington's motion to amend his complaint is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.